UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

    v.       CAUSE NO. 3:21-CV-519-RLM-MGG

ANGELA HEISHMAN, INDIANA
DEPT. OF CORRECTIONS, and
PAYNE,

    Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a complaint against three defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Taylor alleges that Angela Heishman his mishandled his grievances. However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v.

Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). The allegations against Ms. Heishman don't state a claim upon which relief can be granted.

Mr. Taylor alleges Deputy Warden Payne was deliberately indifferent in fourteen different ways. He doesn't provide dates or details about any of these events and it appears he is just restating claims he has already raised in Taylor v. Hyatte, 3:20-cv-865 (N.D. Ind. filed October 14, 2020); Taylor v. Hyatte, 3:20-cv-978 (N.D. Ind. filed November 21, 2020); and Taylor v. Hyatte, 3:20-cv-1001 (N.D. Ind. filed December 2, 2020). To the extent Mr. Taylor is suing Deputy Warden Payne twice for the same claims, the allegations against him are malicious. To the extent he is raising new claims, the allegations are too vague to state a claim upon which relief can be granted.

Mr. Taylor names the Indiana Department of Correction as a defendant, but he doesn't make any allegations against it in the body of the complaint. Even if he had done so, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress didn't abrogate the States'

immunity through the enactment of Section 1983. Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Indiana hasn't consented to this lawsuit. The Indiana Department of Correction isn't a state official.

Mr. Taylor can't proceed on the claims in this complaint. He can file an amended complaint if he has additional facts that he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). Perhaps he has one or more new claims against Deputy Warden Payne. If so, he may file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he writes this cause number on the form, he needs to provide information about what he believes Deputy Warden Payne did or didn't do which violated his constitutional rights. He must provide dates and explain how Deputy Warden Payne was personally involved.

For these reasons, the court:

(1) DISMISSES Angela Heishman and, Indiana Dept. Of Corrections;

(2) GRANTS Ezekiel I. Taylor until **August 30, 2021**, to file an amended complaint.

If Mr. Taylor doesn't respond by August 30, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

4

SO ORDERED on August 2, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
