UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EZEKIEL I. TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>PAYNE, SMITH, CREE, and LEICHTY,<br><br>  Defendants. | CAUSE NO. 3:21-CV-519-RLM-MGG |

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed an amended complaint against four defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Taylor alleges Deputy Warden Payne and Lt. Smith ordered him placed in an unsanitary cell covered in feces and blood on December 19, 2020. "By prohibiting cruel and unusual punishment, the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." Thomas v. Blackard, 2 F.4th 716, 719 (7th Cir. 2021) (quotation marks and citation omitted). "Conditions of

confinement must be severe to support an Eighth Amendment claim; the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities [because] the Eighth Amendment only protects prisoners from conditions that exceed contemporary bounds of decency of a mature, civilized society." Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (quotation marks and citations omitted). Mr. Taylor's allegation that he was intentionally placed in a cell covered in feces and blood where he was held for seven days states a claim upon which relief might be granted against Deputy Warden Payne and Lt. Smith.

Mr. Taylor alleges Deputy Warden Payne, Sgt. Cree, and Correctional Officer Leichty retaliated against him on December 21, 2020, for having filed prior lawsuits by taking his hygiene, bedding, clothing, facemask, and legal materials. He alleges he was left cold and without toilet paper. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). These allegations state a claim for retaliation by Deputy Warden Payne, Sgt. Cree, and Correctional Officer Leichty.

Mr. Taylor alleges Deputy Warden Payne colluded or conspired to censor his phone and mail on numerous occasions. Mr. Taylor also alleges Deputy Warden Payne created policies that restricted his access to phone, commissary, visitation, and

2

his property. Mr. Taylor doesn't provide any details about when or how; he doesn't say what calls or mail were restricted nor why; he doesn't say when he was denied access to phone, commissary, or visitation. Other than the single incident already described on which he has been granted leave to proceed against Deputy Warden Payne, Mr. Taylor hasn't identified another instance in which his property was taken. These vague allegations are insufficient to state a claim on which relief can be granted.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed

by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) GRANTS Ezekiel I. Taylor leave to proceed against Deputy Warden Payne and Lt. Smith in their individual capacities for compensatory and punitive damages for placing him in a cell covered in feces and blood for seven days beginning on December 19, 2020, in violation of the Eighth Amendment;

(2) GRANTS Ezekiel I. Taylor leave to proceed against Deputy Warden Payne, Sgt. Cree, and Correctional Officer Leichty in their individual capacities for retaliating against him on December 21, 2020, for filing lawsuits by taking his hygiene, bedding, clothing, facemask, and legal materials, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Deputy Warden Payne, Lt. Smith, Sgt. Cree, and Correctional Officer Leichty at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Warden Payne, Lt. Smith, Sgt. Cree, and Correctional Officer Leichty to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2021

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT